## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| #90804-083, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:21-CV-1267-N-BK |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| DEFENDANT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

### I.  BACKGROUND

On May 28, 2021, Plaintiff Shapat Nabaya, a federal prisoner at FCI Seagoville, initiated the case by filing a *Common-Law Claim* under the Federal Tort Claims Act ("FTCA"), apparently seeking to bypass sanctions imposed by this and other courts barring him from filing habeas corpus actions under 28 U.S.C. § 2241.  As in his prior cases, however, Nabaya asserts that he is unlawfully imprisoned in violation of the Fourth Amendment and "was prosecuted outside of the constitution."  Doc. 2 at 1.   He also seeks "immediate release from unlawful incarceration and damages."  *Id.*  With his pleading, Nabaya encloses a letter from the U.S. Department of Justice Federal Bureau of Prisons, South Central Regional Office, denying his

FTCA administrative claim and finding (1) "there [was] no evidence to indicate [he] sustained any injuries caused by the negligent or wrongful act or omission of any government employee acting within the scope of employment" and (2) his sentence computation was "in accordance with the valid Judgment and Commitment Order issued in [his] criminal case." Doc. 2 at 2.

In other attachments enclosed with his *Common-Law Claim*, Nabaya restates the sentencing court lacked jurisdiction to adjudicate his criminal case and violated both the United States and Virginia Constitutions. Doc. 2 at 5-7. He also complains generally about being denied access to the Court due to the Bureau of Prison and its staff's failures to process his pleadings in a timely fashion. *See* Doc. 2 at 9, 11 (alleging Mail Room Officer Cook "has on many occasions held [his] mail and denied and delayed [his] speedy court filings" and Warden Zook and her staff "are using every illegal act to continue" to hold him unlawfully). Nabaya seeks ten million dollars and an order directing his immediate release from incarceration. Doc. 2 at 11.

As noted, Nabaya has a long and abusive filing history. In 2017, he was convicted of retaliating against a federal officer by making a false claim and making a false statement in bankruptcy, and was sentenced to 71 and 60 months' imprisonment respectively, to be served concurrently. *United States v. Nabaya*, No. 3:17-CR-003 (E.D. Va. 2017), *aff'd*, 765 F. App'x 895, 897 (4th Cir. 2019). Since then, Nabaya has filed over 70 cases and appeals nationwide.[1] As the United States District Court for the District of Columbia observed, Nabaya

> is a serial filer with a history of bringing meritless cases ... against public officials. *See, e.g., United States v. Nabaya*, No. 3:14-cv-835 (HEH), 2015 WL 300499 (E.D. Va. Jan. 22, 2015); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86 (D.D.C. 2014); *Abbott v.*

---

[1] Public Access to Court Electronic Records (PACER) is available at https://pcl. uscourts.gov/pcl/pages/welcome.jsf (last accessed June 25, 2021).

*Trant*, No. 09-cv-2337, 2009 WL 4899214 (D.D.C. Dec. 9, 2009).... While there
are, unfortunately, some people like Nabaya who abuse our country's legal system
in this way, he has earned the unusual distinction of being convicted for it[, as] …
Nabaya was indicted in the Eastern District of Virginia for his "*pro se* legal
crusade" against an IRS Revenue Officer known as Wally Stark, in the course of
which he filed multiple vexatious and harassing lawsuits against Stark in state and
federal court.

*Nabaya v. Aber*, No. 17-440, 2018 WL 1583311, at *1 (D.D.C. Mar. 31, 2018) (citation omitted).

As a result of his long history of frivolous and abusive litigation, Nabaya, formally

known as Norman Abbott, and his wife, Dinah Abbott, were sanctioned $1,000 and barred from

filing any actions in the Eastern District of Virginia without first obtaining leave to file.  *Abbott

v. Suntrust Mortgage, Inc.*, No. 3:08-CV-665, 2009 WL 971267, at *6 (E.D. Va. Apr. 8, 2009),

*appeal dismissed*, 332 F. App'x 847 (4th Cir. 2009).  That court subsequently extended the

sanction to bar Nabaya from filing prisoner civil rights complaints and habeas corpus petitions.

*Abbott*, No. 3:08-CV-665, *Mem. Ord.* at ECF Doc. 64, filed May 23, 2012; *Nabaya v. Dinkin*,

No. 3:19-CV-171 (E.D. Va. May 13, 2019); *Nabaya v. Zook*, No. 3:19-CV-883 (E.D. Va. Jan. 3,

2020); *Nabaya v. Dinkin*, No. 3:19-CV-959 (E.D. Va. Jan. 14, 2020).  The court also

permanently enjoined Nabaya from filing tax lawsuits in any federal court without first seeking

leave to do so.  *United States v. Nabaya*, No. 3:14-CV-835, 2015 WL 300499, at *1, *3 (E.D.

Va. Jan. 22, 2015).

In 2020, this Court honored the sanction previously imposed against Nabaya in habeas

cases by the United States District Court for Eastern District of Virginia and dismissed his §

2241 habeas petition and barred him from filing future habeas corpus action under 28 U.S.C. §

2241 unless he seeks permission to do so.  *Nabaya v. Zook*, No. 3:19-CV-2853-N-BK, 2019 WL

7562392, at *1-2 (N.D. Tex. Dec. 6, 2019), *R. & R. adopted*, 2020 WL 128405 (N.D. Tex. Jan.

10, 2020).

Upon review, it is clear that Nabaya attempts to avoid this Court's repeated application of the filing bar imposed by the United States District Court for Eastern District of Virginia. Nonetheless, because the complaint lacks any legal basis, it should be dismissed as frivolous.

## II. ANALYSIS

### A. Applicable Law

Nabaya's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). [2]  These statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Nabaya's complaint is frivolous.

---

[2] Because Nabaya did not pay the required filing fee, the Court presumes he seeks leave to proceed *in forma pauperis*.

**B. Claim Against Sole Defendant is Frivolous**

The FTCA waives the United States' sovereign immunity from tort suits. 28 U.S.C. § 2674. Nabaya's *Common-Law Claim*, however, is not a tort action against the United States. Rather, Nabaya seeks to challenge his imprisonment and underlying federal conviction on constitutional grounds and perhaps raise conditions of confinement claims. Such claims are only cognizable in habeas corpus actions. But Nabaya is barred from filing a habeas action unless he first obtains leave to file, which he has not done.

Therefore, Nabaya's purported FTCA claims lack arguable legal basis and should be dismissed as frivolous.

### III. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED** on July 15, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

_____

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).